[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#110)
I. Facts:
On August 5, 1999, the plaintiff, Gertrude Weathers, filed a six count amended complaint against the defendant, Richard Maslar. The complaint alleges the following facts. The plaintiff and the defendant maintained an exclusive relationship with each other from 1983 through 1999. In 1990, the defendant promised to marry the plaintiff. In reliance on his promise to marry her, the plaintiff moved in with the defendant. The defendant further promised to "provide the [p]laintiff with a life in Old Saybrook and . . . encouraged her to retire at age 62 to enjoy the life and friendship they had between themselves in Old Saybrook." While residing with the defendant, the plaintiff provided services to him in the nature of "companionship, cooking, housecleaning, laundry, entertaining, home decorating and CT Page 1198 gardening."
Based on the above facts, the first count through the fourth count allege: an express contract; an implied contract; a partnership; and material misrepresentation, respectively. The fifth count, alleging a constructive trust, has been withdrawn. The sixth count alleges that the plaintiff is entitled to damages under the theory of quantum meruit.
On August 26, 1999, the defendant filed a motion to strike the plaintiffs entire complaint for failure to state a claim upon which relief can be granted, and a supporting memorandum of law. On September 10, 1999, the plaintiff filed an objection to the defendant's motion to strike with an accompanying memorandum of law.
II. Standard:
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Bhinder v. Sun Company, Inc., 246 Conn. 223, 226,717 A.2d 202 (1998).
III. Discussion:
A. First Count:
The defendant argues that the first count of the plaintiffs complaint, alleging an express contract, is not a viable cause of action because it merely alleges breach of a promise to marry which is barred by General Statutes § 52-572b, the Heart Balm Act.
The Heart Balm Act abolishes actions arising from alienation of affections or breach of a promise to marry. In Connecticut, CT Page 1199 "cohabitation alone does not create any contractual relationship or, unlike marriage, impose other legal duties upon the parties. . . . The rights and obligations that attend a valid marriage simply do not arise where the parties choose to cohabit outside the marital relationship. . . . Ordinary contract principles are not suspended, however, for unmarried persons living together. . . ." Boland v. Catalano, 202 Conn. 333, 339,521 A.2d 142 (1987). For example, the courts will enforce "agreements regarding property rights between unmarried cohabitants. . . ." Id., 342.
"A contract is an agreement between parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform that act. The obligation so assumed is called a promise . . . . If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one." (Citations omitted; internal quotation marks omitted.) Id., 336-37.
The first count fails to allege that the parties' direct words created any enforceable contract between them. The defendant's breach of his alleged promise to marry the plaintiff is unenforceable under the Heart Balm Act. Similarly, the defendant's breach of his alleged promise to provide the plaintiff with a life in Old Saybrook is barred under the Heart Balm Act because this claim is based on the alienation of his affections. Lastly, the allegation that the defendant encouraged the plaintiff to retire at age sixty-two is devoid of any claim that the defendant would assume any obligation to the plaintiff if she chose to retire at age sixty-two. As such, it is not a promise for which there could be a breach. Accordingly, the first count fails to allege a cause of action for breach of an express contract.
B. Second Count:
The defendant argues that the second count, alleging an implied contract, fails to state a viable cause of action because it is also barred by the Heart Balm Act.
"In the absence of an express contract, the courts should inquire into the conduct of [cohabiting] parties to determine whether [their] conduct demonstrates an implied contract, agreement of partnership or joint venture, or some other tacit understanding between [them]." (Citation omitted; internal CT Page 1200 quotation marks omitted.) Burns v. Koellmer, 11 Conn. App. 375,380-81, 527 A.2d 1210 (1987). An implied contract is "shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances. . . ."Boland v. Catalano, supra, 202 Conn. 337.
The second count fails to set forth facts showing that the parties' conduct or actions created an implied understanding between them. The second count merely alleges that the plaintiff and the defendant had an exclusive relationship and cohabited for a period of time. It fails to allege that the parties' course of conduct produced any implied contract in connection with their cohabitation, such as an agreement to share property acquired through their joint efforts. As noted, enforcement of the defendant's alleged promises is barred by the Heart Balm Act. Accordingly, the second count fails to allege a claim for breach of an implied contract.
C. Third count:
The defendant argues that the third count, alleging a partnership, fails to set forth facts sufficient to establish a partnership agreement.
The Uniform Partnership Act, General Statutes § 34-300, et seq., defines a partnership as an "association of two or more persons [who] carry on as co-owners of a business for profit." General Statutes § 34-301(5). The third count merely alleges that the defendant promised to marry the plaintiff and provide her with a life in Old Saybrook, and that the plaintiff rendered homemaking services for the defendant. It fails to allege that the parties conducted any trade or business for profit. Moreover, as discussed, the defendant's alleged promises fall within the Heart Balm Act and, therefore, are unenforceable. Accordingly, the third count fails to state a claim for breach of a partnership agreement.
D. Fourth count:
The defendant argues that the fourth count, alleging material misrepresentation, should be stricken as it does not state a claim upon which relief can be granted.
The Heart Balm Act "does not preclude an action [against a cohabitant] for restitution of specific property or money CT Page 1201 transferred in reliance on various false and fraudulent [representations], apart from any promise to marry. . . ."Piccininni v. Hajus, 180 Conn. 369, 373, 429 A.2d 886 (1980). See also Rabagleno v. King, Superior Court, judicial district of Hartford, Docket No. 325871 (January 15, 1991, Corrigan, J.). In order to state a claim for fraudulent misrepresentation, it must be established that: "(1) a false representation [was] made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to [her] detriment." (Citations omitted; internal quotation marks omitted.) Wellington Systems, Inc. v. ReddingGroup, Inc., 49 Conn. App. 152, 164-65, 714 A.2d 21, cert. denied, 247 Conn. 905, 720 A.2d 516 (1998).
In addition to the facts previously set forth, the fourth count alleges, in pertinent part, that "[t]he Plaintiff was induced to rely upon the Defendant's material misrepresentations and did rely upon the Defendant's material misrepresentations, including but not limited to the representations that he would provide to her a permanent lifestyle in Old Saybrook and would take care of her in retirement."
A cause of action for fraudulent misrepresentation is an exception to the Heart Balm Act where one cohabitant claims she was fraudulently induced to transfer money or property to the other cohabitant. See Piccininni v. Hajus, supra, 180 Conn. 373;Rabagleno v. King, supra, Superior Court, Docket No. 325871. The fourth count merely alleges that the plaintiff was induced, in reliance on the defendant's promises, to provide homemaking services to him. The fourth count fails to allege that the plaintiff transferred money or property to the defendant in reliance on his promises. Therefore, enforcement of the defendant's promises of marriage and a life in Old Saybrook is barred by the Heart Balm Act.
Moreover, the fourth count fails to set forth facts necessary to establish each element of fraudulent misrepresentation. The fourth count does not allege that the defendant's statements were untrue or that the plaintiff suffered any detriment as a result of the defendant's false promises. The only detriment which can be inferred is a "loss of pecuniary and social advantages," recovery for which is barred by the Heart Balm Act. Piccininni v.Hajus, supra, 180 Conn. 373. Accordingly, the fourth count fails to state a legally sufficient cause of action for fraudulent CT Page 1202 misrepresentation.
E. Sixth count:
The defendant argues that the allegations in the sixth count, alleging quantum meruit, are insufficient to establish a viable claim.
"Quantum meruit . . . is the form of action which has been utilized [against a cohabitant] when the benefit received was the work, labor, or services of the party seeking restitution." Burnsv. Koellmer, supra, 11 Conn. App. 384. The theory may apply whenever justice requires compensation for a benefit conferred upon a defendant in a situation where no express contract has been entered into by the parties. See id., 385. "Such contracts are determined from evidence of the parties' course of conduct which implies a promise to pay for the services rendered. The pleadings must allege facts to support the theory that the defendant, by knowingly accepting the services of the plaintiff and representing to her that she would be compensated in the future, impliedly promised to pay her for the services she rendered." Id., 383-84.
The sixth count fails to allege that the defendant represented to the plaintiff that she would be compensated in the future for rendering homemaking services to him. As pleaded, the court can only infer that plaintiff performed homemaking services for the defendant out of consideration of the fact that they lived together. Accordingly, the sixth count fails to state a claim based on the theory of quantum meruit.
IV. Conclusion:
For the reasons herein stated, it is concluded that the defendant's motion to strike the plaintiffs complaint ought to be and is hereby granted.
It is so ordered.
By the court
Arena, J.
CT Page 1203